**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

ALEXANDER FLAUTO and JACKSON MEYER, individually and on behalf of all others similarly situated,

               Plaintiff,

     v.

VALVE CORPORATION, a Washington corporation,

               Defendant.

No. 2:26-cv-00788-JHC

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTIONS AND TO APPOINT INTERIM LEAD CLASS COUNSEL AND ESTABLISH AN EXECUTIVE COMMITTEE**

This matter comes before the Court on Plaintiffs' Unopposed Motion to Consolidate Related Actions, Appoint Interim Lead Class Counsel and Establish an Executive Committee.  Dkt. # 18.  The Court, having considered the motion, as well as all other matters presented to the Court, and compelling reasons having been shown, **HEREBY ORDERS** as follows:

1.     Pursuant to Federal Rule of Civil Procedure 42(a), the following actions will be consolidated for all purposes: (1) *Flauto, et al. v. Valve Corp.*, No. 2:26-cv-00788-JHC (W.D. Wash.); (2) *Matamoros v. Valve Corp.*, No. 2:26-cv-812-JHC (W.D. Wash.); and (3) *Galas, et al. v. Valve Corp.*, No. 2:26-cv-995-JHC (W.D. Wash.).

ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM LEAD CLASS COUNSEL AND ESTABLISH AN EXECUTIVE COMMITTEE - 1
CASE NO.: 2:26-cv-00788-JHC

2.    *Flauto, et al. v. Valve Corp.*, No. 2:26-cv-00788-JHC (W.D. Wash.), shall be designated as the "Lead Case." A docket sheet shall be maintained for that action, which shall include all filings subsequently consolidated with the Lead Case.

3.    The action shall be renamed to *In re Valve Loot Box Litigation*, No. 2:26-cv-00788-JHC (W.D. Wash.), and all subsequent filings shall be captioned as such and filed in the Lead Case docket.

4.    Any additional cases that may be filed in the Western District of Washington and that arise out of conduct similar to that alleged in the above-titled actions shall be consolidated with the Lead Case. Any subsequent related actions later removed to or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) shall be consolidated with *In re Valve Loot Box Litigation* in the Lead Case. The Clerk shall make an appropriate entry on the docket sheet of the Lead Case and send a copy of this Order to the attorneys for the plaintiffs and any new defendants.

5.    Plaintiffs are directed to file a consolidated complaint within thirty (30) days of the date of this Order granting consolidation. Defendant will have forty-five (45) days from the date of the filing of the consolidated complaint to answer, dismiss, or otherwise respond.

6.    The Parties are directed to exchange Initial Disclosures under Rule 26(a)(1) and file a Joint Status Report and Discovery Plan within forty-five (45) days of the date of this Order granting consolidation.

7.    All deadlines in each of the Related Actions are stayed pending the filing of a Joint Status Report and Discovery Plan.

8.    Any lawyer who has been admitted pro hac vice in any of the above-referenced actions need not seek pro hac vice admission in any other action; a single pro hac vice admission in these proceedings is sufficient. Any lawyer who has filed a notice of appearance in any of the above actions need not notice an appearance in any other action; a single notice of appearance in these proceedings is sufficient. It is incumbent upon the lawyer to ensure his or her appearance is listed in the relevant consolidated proceedings for ECF purposes.

ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT INTERIM LEAD CLASS COUNSEL AND ESTABLISH AN
EXECUTIVE COMMITTEE - 2
CASE NO.: 2:26-cv-00788-JHC

9.      Any Defendant who has already been served in one of the actions will be deemed to have been served in the consolidated action and will not need to be served separately.

10.      Consolidation shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been added as such in accordance with the Federal Rules of Civil Procedure.

11.      Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Interim Class Counsel to act on behalf of the putative class before determining whether to certify the action as a class action. The following are the appointments of Interim Lead Class Counsel in *In re Valve Loot Box Litigation* (the "Action"):

- Hagens Berman Sobol Shapiro LLP

This appointment applies to the above firm. The Court may add or replace the appointed firms upon request of Interim Lead Class Counsel or on the Court's own motion where circumstances warrant.

12.      Interim Lead Counsel shall be responsible, in their discretion, for coordinating pretrial activities on behalf of all plaintiffs in the Action ("Plaintiffs") and the proposed putative class in the Action, and shall:

    A.  Determine and present to the Court, and to Defendant, Plaintiffs' position on all matters during pretrial proceedings (whether by brief, oral argument, or other manner, personally or by a designee);

    B.  Coordinate and conduct discovery on behalf of Plaintiffs consistent with the requirements of Federal Rule of Civil Procedure 26, including propounding and responding to written discovery and noticing, taking, and defending depositions;

    C.  Coordinate, direct, and monitor the work of all Plaintiffs' counsel to ensure the efficient, orderly, non-duplicative, and cost-effective prosecution of Plaintiffs' claims;

    D.  Conduct and coordinate settlement negotiations, and enter into any settlement agreements on behalf of Plaintiffs and the proposed Class;

ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT INTERIM LEAD CLASS COUNSEL AND ESTABLISH AN
EXECUTIVE COMMITTEE - 3
CASE NO.: 2:26-CV-00788-JHC

13.    Enter into stipulations with opposing counsel and any non-party counsel for the litigation;

    A.  Prepare and distribute periodic status reports to the parties as needed;

    B.  Maintain adequate time and disbursement records covering services for Plaintiffs' counsel;

    C.  Appoint any committees to handle specific tasks or areas of responsibility as appropriate;

    D.  Allocate among Plaintiffs' counsel any award of attorney's fees and expenses; and

    E.  Perform such other duties on behalf of Plaintiffs and the proposed class as necessary or incidental to the proper coordination and execution of pretrial activities or as authorized by Court order.

14.    Pursuant to Federal Rule of Civil Procedure 23(g), the court further appoints the following as the Plaintiff Executive Committee ("PEC") for the proposed putative class:

- Milberg, PLLC
- Girard Sharp LLP.

These appointments apply to the above firms. The Court may add or replace the appointed firms upon request of Interim Lead Counsel or on the Court's own motion where circumstances warrant.

15.    Members of the PEC shall act at the direction and under the supervision of Interim Lead Counsel. Members of the PEC may assist Interim Lead Counsel in connection with motion practice, discovery, preparation of expert witness reports and testimony, preparation for and appearances at hearings and settlement negotiations, and such other tasks concerning the prosecution or resolution of their respective cases as directed by Interim Lead Counsel.

16.    Only Interim Lead Counsel or an Executive Committee Member acting at the direction of Interim Lead Counsel may communicate with defense counsel on behalf of Plaintiffs or the putative class. All such agreements shall be binding on all counsel in the Action.

ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT INTERIM LEAD CLASS COUNSEL AND ESTABLISH AN
EXECUTIVE COMMITTEE - 4
CASE NO.: 2:26-CV-00788-JHC

**IT IS SO ORDERED.**

Dated this 9th day of April, 2026.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT INTERIM LEAD CLASS COUNSEL AND ESTABLISH AN
EXECUTIVE COMMITTEE - 5
CASE NO.: 2:26-CV-00788-JHC