The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| IN RE VALVE LOOT BOX LITIGATION | No. 2:26-cv-00788-JHC |
| ALEXANDER FLAUTO, JACKSON MEYER, IVAN GALAS, ROBERT BROGAN, and CARLOS MATAMOROS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>                    Defendant. | **JOINT STATUS REPORT AND DISCOVERY PLAN** |

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

Pursuant to Civil Local Rule 26(f), Plaintiffs Alexander Flauto, Jackson Meyer, Ivan Galas, Robert Brogan, Bradley Ousley, and Carlos Matamoros ("Plaintiffs") and Defendant Valve Corporation ("Valve" or "Defendant"), by and through their undersigned counsel, hereby submit the following Joint Status Report and Discovery Plan. Defendant Valve and Plaintiffs are collectively referred to as the "Parties."

Counsel for the Parties met by video conference on May 21, 2026, for a Rule 26(f) conference. This Joint Status Report is the outcome of that conference and the Parties' subsequent discussions.

## 1.    Nature and Complexity of the Case

### a.    Plaintiffs' Statement

Plaintiffs bring this action on behalf of themselves individually and on behalf of a class consisting of all persons in the United States who (1) purchased the right to open a loot box in connection with Counter-Strike (including CS:GO and CS 2), Dota 2, or Team Fortress 2 (the "Valve Games") and/or (2) are parents or guardians of a minor child who purchased the right to open a loot box in connection with the Valve Games. Plaintiffs allege that Defendant Valve Corporation, a video game developer and distributor headquartered in Bellevue, Washington, designed, operated, and profited from an illegal gambling system through its Steam platform.

Plaintiffs assert three causes of action: (1) violation of Washington's Recovery of Money Lost at Gambling Statute, RCW 4.24.070; (2) violations of the Washington Consumer Protection Act, RCW 19.86.010, et seq.; and (3) unjust enrichment. Plaintiffs seek recovery of all money lost at gambling, treble damages, injunctive relief, restitution, disgorgement, costs, and attorneys' fees. Plaintiffs ask that the Court certify a nationwide class of consumers who purchased the right to open loot boxes for certain Valve games.

Plaintiffs contend this case presents complex legal and factual issues, which require substantial discovery, and that fact and expert discovery in this complex consumer protection and gambling case will far exceed the scope and volume of discovery in an ordinary civil case. The case involves significant volumes of electronically stored information, including Valve's internal records regarding the design, implementation, and monetization of its loot box system, user

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

transaction data, communications with third-party marketplace operators, and data regarding loot box odds and revenue.

### b.    Defendant's Statement

Valve is a Bellevue-based video game company that makes popular games, including the three games corresponding to Plaintiffs' allegations of illegal gambling and other violations of law. Valve denies all of these allegations.

Plaintiffs overstate the complexity and anticipated scope of this case. There are threshold legal questions of standing and failure to state a claim that are case-dispositive and that this Court can resolve on the pleadings without any discovery. Should this case survive the pleadings stage, the scope of discovery may be substantially narrower than Plaintiffs project. And many of the issues Plaintiffs identify, including the design and operation of Valve's mystery boxes, can be addressed through targeted discovery rather than the expansive and burdensome discovery Plaintiffs envision. Accordingly, phased discovery and early resolution of threshold legal and class certification issues, will substantially limit the scope and cost of any discovery that does proceed.

### 2.    Deadline for Joining Additional Parties

Plaintiffs propose the deadline for adding additional parties be one month after substantial completion of document and data production, after which parties may be joined by leave of Court.

Defendants propose that the deadline for adding additional parties be 60 days following the Court's ruling on Defendant's motion to dismiss.

### 3.    Magistrate Judge

The Parties respectfully do not consent to have a magistrate judge conduct all further proceedings.

### 4.    Motion for Class Certification

Plaintiffs' proposed schedule is as follows:

| Event | Proposed Deadline or Date |
| --- | --- |
| Class Certification Motion and Supporting Expert Reports | Within 6 months after a ruling on the motion(s) to dismiss |



| Event | Proposed Deadline or Date |
|---|---|
| Class Certification Opposition and Supporting Expert Reports | 45 days from class certification motion |
| Class Certification Reply and Expert Rebuttal Reports | 45 days from class certification opposition |

Defendant's proposed schedule is as follows:

| Event | Proposed Deadline or Date |
|---|---|
| Class Certification Motion and Supporting Expert Reports | Within 12 months after a ruling on the motion(s) to dismiss |
| Class Certification Opposition and Supporting Expert Reports | 90 days from class certification motion |
| Class Certification Reply and Expert Rebuttal Reports | 45 days from class certification opposition |

**5.    Related Cases**

This is a consolidated action. On March 9, 2026, Plaintiffs Alexander Flauto and Jackson Meyer filed the lead case (No. 2:26-cv-00788). On March 11, 2026, Plaintiff Carlos Matamoros filed a related complaint (No. 2:26-cv-812). On March 24, 2026, Plaintiffs Ivan Galas and Robert Brogan filed a related complaint (No. 2:26-cv-995). Pursuant to the Court's Order, these three actions have been consolidated for all purposes under the caption *In re Valve Loot Box Litigation*, No. 2:26-cv-00788 (W.D. Wash.).

The Parties are not aware of any other related cases currently pending in this District.

**6.    Initial Disclosures**

In accordance with the schedule set by the Court, the Parties agreed to exchange initial disclosures on June 3, 2026.

**7.    Expert and Pretrial Disclosures**

The Parties' proposed schedule is as follows[1]:

| Event | Proposed Deadline or Date |
|---|---|
| Plaintiffs' Merits Experts Disclosure (including reports) | 30 days after close of fact discovery |

---

[1] The Parties respectfully request the opportunity to be heard on this issue at a scheduling conference.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| Event | Proposed Deadline or Date |
|---|---|
| Defendant's Merits Expert Responses | 75 days after Plaintiffs' merits expert reports |
| Plaintiffs' Merits Expert Reply Reports | 45 days after Response Reports |
| Dispositive Motion Deadline | 45 days after close of merits expert discovery |
| Opposition to Dispositive Motions | 45 days after dispositive motions |
| Reply in Support of Dispositive Motions | 30 days after opposition to dispositive motions |

**8.    Subjects, Timing, and Phasing of Discovery**

**Plaintiffs' Position**

Plaintiffs' position is that discovery should not be stayed pending resolution of the anticipated motion(s) to dismiss. *See T.S. v. Body Contour Ctrs.,* LLC, 2025 WL 1194023, at *2 (W.D. Wash. Apr. 24, 2025) (quoting *Neal v. City of Bainbridge Island*, 2021 WL 2105301, at *1 (W.D. Wash. May 25, 2021)) ("The Federal Rules of Civil Procedure 'do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation.'").

This is a complex consumer protection and gambling class action involving significant volumes of electronically stored information. Staying all discovery until after the Court rules on dispositive motions would delay the resolution of this case by many months and is not warranted, particularly where there are proportionate, efficient steps the Parties can take to advance the case while briefing proceeds. *See White v. Skagit Bonded Collectors, LLC*, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022) ("Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule.").

Plaintiffs propose the following schedule for preliminary discovery:

First, the Parties should negotiate and submit a proposed protective order and ESI protocol to the Court by July 17, 2026. These are foundational case-management steps that are minimally burdensome. Plaintiffs are prepared to draft these documents and provide them to Valve for review by June 26, 2026. [2]

---

[2] Plaintiffs would be prepared to submit a protective order at a sooner date (with their personal information to follow thereafter), but have chosen July 17, 2026 in order to minimize disagreement because that is the date chosen by Valve.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

Second, Valve's assertion that it needs Plaintiffs' account identifiers "to assess Plaintiffs' claims" misapprehends the stage of the case. Valve's forthcoming motion will test the sufficiency of the Complaint on its face, and in resolving it the Court will accept Plaintiffs' well-pleaded allegations as true. Valve does not need Plaintiffs' Steam IDs, email addresses, or account data to brief or decide that motion. Nevertheless, Plaintiffs are willing to provide the Steam IDs and email addresses associated with Plaintiffs' Steam accounts within seven days of entrance of a protective order. Valve claims that Plaintiffs have not provided any reason for delaying production of this information. But Valve is asking Plaintiffs hand over sensitive information, including e-mail addresses. Once an email address is disclosed, the disclosure cannot be undone, and absent a protective order nothing would limit how Valve may use, store, retain, or further disseminate Plaintiffs' personal contact information, or confine its use to this litigation.

Notably, Valve's own proposed schedule conditions its production of the New York Attorney General materials on the entry of a protective order. Plaintiffs do not object to that sequence—a protective order should be in place before Valve produces those documents. Yet Valve asks Plaintiffs to disclose their Steam IDs and email addresses before a protective order has even been submitted to the Court, let alone entered. Plaintiffs ask only that their own personal information receive the same protection Valve seeks for its documents. Plaintiffs propose that Valve then produce to Plaintiffs within 60 days any non-privileged documents or electronically stored information that Valve generates or retrieves using those identifiers.

Third, Valve should produce to Plaintiffs within 30 days of entrance of the protective order all non-privileged documents and data that Valve has already produced to the New York Attorney General in connection with *New York v. Valve Corporation* (N.Y. Sup. Ct., filed Feb. 25, 2026), together with any privilege log associated with that production, any transcripts of depositions or investigative interviews conducted in connection with that action, and current organizational charts for Valve Corporation.[3] In connection with this production, Valve should also provide a description of the process Valve used to collect and produce documents to the New York Attorney General,

---

[3] Plaintiffs intend to serve limited written discovery directed at the materials produced in the New York Attorney General action by June 8, 2026, in order to formalize this process and provide a framework for any disputes regarding the scope of that production.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

including the custodians from whom documents were collected, any search terms used, and the date ranges applied. The New York Attorney General's action arises from the same core conduct at issue in this case—Valve's design, operation, and monetization of its loot box system. Valve has already collected, reviewed, and produced these materials, and producing them here imposes minimal additional burden. Early production of these materials and an understanding of the collection process will also promote efficiency by enabling Plaintiffs to tailor subsequent discovery requests to avoid duplication, identify relevant custodians, and focus on materials not already in the record.

Fourth, the Parties should provide the Court with a joint status update by August 31, 2026, reporting on the status of preliminary discovery and setting forth the Parties' respective proposals regarding the scope and schedule of any additional discovery, including proposals for the timing of substantial completion of document and data production following the Court's ruling on the motion(s) to dismiss.

Valve also agrees that it should produce materials already produced to the New York Attorney General while the motion to dismiss is pending. However, Plaintiffs have certain concerns with the structure of Defendant's proposal. First, Defendant declines to commit to a deadline for negotiating the protective order and ESI protocol, instead proposing only to "work with Plaintiffs in good faith" on an unspecified timeline. A protective order is a prerequisite to Valve's production of the NYAG materials, and without a firm deadline for completing that negotiation, Valve's agreement to produce those materials is effectively open-ended. The July 1, 2026 deadline Plaintiffs have proposed is reasonable and will ensure that the NYAG production can proceed promptly thereafter. Second, Defendant's proposal limits its production to "a copy of the formal document production Valve made to the New York Attorney General," without explanation of what that language is intended to exclude. Plaintiffs' proposal encompasses all non-privileged documents and data produced to the NYAG, any transcripts of depositions or investigative interviews conducted in that action, any associated privilege log, and current organizational charts—none of which impose any meaningful burden beyond what Valve has already undertaken. To the extent Defendant's narrower formulation is intended to exclude

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

categories of materials produced to the NYAG, Defendant has identified no basis for doing so. Third, Plaintiffs' proposal asks Valve to provide a description of the process used to collect and produce documents to the NYAG, including custodians, search terms, and date ranges. This information is necessary to allow the Parties to tailor subsequent discovery and avoid duplication. Fourth, Defendant proposes that it produce the NYAG materials and then stay all further discovery until after the motion to dismiss is resolved, with no mechanism for the Parties or the Court to assess the production or plan next steps. Plaintiffs do not yet know the volume or nature of Valve's NYAG production—Valve has provided no details whatsoever—and until the production is received, neither the Parties nor the Court are in a position to evaluate how it may affect the scope and timing of subsequent discovery. A joint status update after the production is complete, as Plaintiffs have proposed for August 31, 2026, would allow the Parties to report on what has been produced and present informed proposals for any additional discovery, rather than deferring all planning to an indefinite date after the motion to dismiss is decided.

For these reasons, Plaintiffs respectfully ask that the Court adopt Plaintiffs' proposal for the structure and timing of Valve's production of materials from the New York Attorney General action, as set forth above.

As this case progresses, Plaintiffs anticipate seeking discovery, including documents and data, from Defendant on the following topics:

- the design, development, implementation, and operation of Valve's loot box system, including the random number generators, algorithms, and odds used to determine loot box outcomes;

- Valve's United States revenues and profits from the sale of loot box keys and the right to open loot boxes, and commissions on the Steam Community Market, including transaction-level data for all loot box openings;

- the Steam Community Market and third-party marketplaces, including Valve's knowledge of, facilitation of, and policies regarding the sale of virtual items for real money;

- internal communications, studies, reports, and analyses regarding the psychological effects of loot boxes on users, including any research or awareness of gambling-related harms and impacts on minors;
- Valve's communications with and policies regarding third-party marketplace operators, including CS Float, SkinPort, Bit Skins, and similar services that facilitate the purchase and sale of Valve virtual items for real money;
- Valve's enforcement (or non-enforcement) of the Steam Subscriber Agreement provisions regarding off-platform sales of virtual items;
- user demographic data and age verification practices, including information regarding minor users and their engagement with loot boxes;
- historical and current data regarding loot box odds, item drop rates, and the monetary values of virtual items received by users from loot box openings;
- Valve's interactions with and responses to regulatory inquiries, including from the Washington Gambling Commission and other government entities regarding loot boxes and virtual item gambling;
- class member transaction data, including identities, purchase histories, and losses, for purposes of class notification and damages calculation.

Below is a summary of Plaintiffs' proposed schedule:

| Event | Proposed Deadline or Date |
| --- | --- |
| Rule 26(f) Conference | May 21, 2026 |
| Plaintiffs to give Valve proposed protective order and ESI protocol | June 26, 2026 |
| Parties submit Proposed Protective Order and Proposed ESI Order | July 17, 2026 |
| Plaintiffs produce User IDs and Email Addresses | Within 7 days of the Court's entry of a protective order/ESI protocol |
| Valve produces New York Attorney General materials and documents related to class representative IDs. | Within 30 days of the Court's entry of a protective order/ESI protocol |

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

| Event | Proposed Deadline or Date |
|---|---|
| Parties provide Court with joint status update regarding discovery plan. | August 31, 2026 |

**Defendant's Position**

Valve disagrees with Plaintiffs' statement about the complexity of the case and Plaintiffs' proposed schedule and believes that discovery in this case should be prioritized in a manner that is proportional to the needs of the case.

First, Valve has not been able to identify the Steam accounts Plaintiffs claims are based on. Plaintiffs do not plead the Steam IDs identifying those accounts in the complaint. Valve has requested multiple times that Plaintiffs voluntarily provide the Steam IDs and emails used for all of their current and former Steam accounts so Valve can identify them. Plaintiffs' statement indicates that they are willing to disclose this basic information, which is needed to assess Plaintiffs' claims, but argue that they need to identify this information subject to a protective order. Valve disagrees with Plaintiffs' position that they require a protective order to identify their Steam ID, which is a series of numbers that is contained in the publicly-accessible URL for their Steam profile page, which is in this format: https://steamcommunity.com/profiles/[Steam ID]/home. Further, Valve is willing to agree that it will not disclose or file any Steam ID voluntarily provided to it by Plaintiffs unless and until a Protective Order is in place.

Valve agrees to produce Steam account histories for the accounts corresponding to the Steam IDs Plaintiffs' counsel provide and represent belong to Plaintiffs, along with and any support tickets submitted on those accounts. Valve proposes that it will use commercially reasonable efforts to produce such documents within 60 days after Plaintiffs produce their Steam IDs and associated email addresses, subject to the Court's entry of a protective order and ESI protocol.

Second, Valve agrees that the next step before engaging in discovery is for the Parties to negotiate and submit a proposed protective order and ESI protocol. Valve will work with Plaintiffs in good faith to submit these proposed orders and does not believe that a deadline for these

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

submissions should be set, as Valve has not seen Plaintiffs' proposal or positions on what these orders should contain. Should the Court set a deadline for submitting a proposed protective order and ESI protocol, Valve asks that it be no earlier than July 17, 2026 and that Plaintiffs be required to give Valve their proposals by June 26, 2026.

Third, as an initial phase during the pendency of Valve's forthcoming motion to dismiss, Valve proposes that discovery be limited to producing a copy of the formal document production Valve made to the New York Attorney General and the Initial Disclosures required under FRCP 26(a)(1). *See Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *3 (W.D. Wash. Oct. 14, 2020) (limiting discovery based on pending motion to dismiss). Plaintiffs indicate that they anticipate extensive and burdensome discovery, including internal communications, voluminous electronic purchase records for every purchase for millions of players, and "transaction-level data" for all mystery boxes that any of these millions of players ever opened. Valve does not believe that such wide-ranging discovery would be proportionate at all, particularly not prior to a ruling on Valve's motion to dismiss, which is potentially dispositive of all claims, including on the basis that Plaintiffs lack Article III standing, and may otherwise significantly narrow Plaintiffs' claims. Limiting production to documents already produced to the NYAG will allow the Parties to advance the case while the Court considers the motion, while also avoiding imposing undue burden and expense on Valve. To the extent Plaintiffs seek additional categories of documents or information relating to the NYAG action, Valve believes that such requests should be pursued, if at all, through ordinary discovery requests after the Court rules on Valve's motion to dismiss and the pleadings are set. Moreover, the additional categories of documents Plaintiffs seek related to the NYAG action are either objectionable or protected for other reasons, so production should not be ordered through an administrative status report and scheduling order process.

Fourth, Valve does not believe a separate August 31, 2026 joint status report is necessary or appropriate. Should a dispute arise, the Parties should follow the normal procedure to meet and confer to attempt to resolve it without Court intervention, followed by a motion only if necessary.

Fifth, once the Court has ruled on Valve's motion to dismiss (including any motion to

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

dismiss an amended complaint filed under FRCP 15(a)(1)(B) or in response to the Court's ruling on a motion to dismiss), then discovery should proceed under the usual procedures.

Below is a summary of Defendants' proposal.

| Event | Proposed Deadline or Date |
|---|---|
| Rule 26(f) Conference | May 21, 2026 |
| Plaintiffs produce all IDs used on Valve's Steam platform | June 15, 2026 |
| Valve to produce Steam account histories for the accounts corresponding to the Steam IDs Plaintiffs' counsel provide and associated support tickets | Valve to use commercially reasonable efforts to produce such documents within 60 days after Plaintiffs produce their Steam IDs and associated email addresses, subject to the Court's entry of a protective order and ESI protocol |
| Plaintiffs to give Valve proposed protective order and ESI protocol | No deadline required. Alternatively, June 26, 2026 |
| Parties to submit proposed protective order and ESI protocol or present any disputed issues requiring resolution to the Court | No deadline required. Alternatively, July 17, 2026 |
| Valve produces its document production previously made to the NYAG | Within 30 days of the Court's entry of a protective order/ESI protocol |
| Parties engage in further discovery | After the Court rules on Valve's motion to dismiss (including any motion to dismiss an amended complaint filed under FRCP 15(a)(1)(B) or in response to an order on a motion to dismiss), and the pleadings are set. |

**9.    Agreements or Issues Related to the Preservation of Discoverable Information and the Scope of the Preservation Obligation**

The Parties have agreed to take reasonable and necessary steps to preserve evidence relevant to the claims and defenses in this action. The Parties mutually request preservation of all data and documents responsive to the anticipated discovery, as described in Section 8 above.

**10.    Electronically Stored Information ("ESI")**

This case will involve production of ESI. The Parties agree to work together to propose a protocol addressing the disclosure requirements for electronically stored information ("ESI") based on the "Model ESI Agreement" referenced in LCR 26(f)(1)(I)(ii) while briefing Rule 12 Motion(s).

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

If agreement cannot be reached, the Parties will present to the Court any disputed issues requiring the Court's resolution.

**11.     Claims of Privilege or Work Product Protection**

The Parties anticipate that this case will involve the production of highly confidential information and/or trade secrets. The Parties will promptly negotiate the terms of a proposed protective order based on the "Model Protective Order" referenced in LCR 26(c)(2). The proposed protective order will contain procedures for (i) the disclosure and potential use of confidential information and (ii) handling the inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence, and will be submitted for the Court's consideration. If agreement cannot be reached, the Parties will present to the Court any disputed issues requiring the Court's resolution.

**12.     Inadvertent Disclosure of Privileged Information**

Procedures for handling any inadvertent disclosure of privileged information shall be specified in the proposed Protective Order addressed above in Section 11.

**13.     Changes to Limitations on Discovery**

The Parties agree to follow the Federal Rules of Civil Procedure for the exchange of written discovery and conducting depositions. Each party reserves the right to seek leave of court at the appropriate time to change the number of depositions in Fed. R. Civ. P. 30(a)(2)(A)(i), or the number of interrogatories in Fed. R. Civ. P. 33(a)(1).

**14.     Discovery Completion Date**

The Parties propose that fact discovery shall be completed 15 months after the Court's order on the motion(s) to dismiss.

**15.     Suggestions for Prompt and Efficient Resolution of the Case**

The Parties agree to work in good faith to litigate this case as efficiently as possible.

**16.     Alternative Dispute Resolution**

The Parties will review ADR options in this matter as the case develops.

**17.     Trial Readiness**

The parties anticipate the case will be ready for trial no earlier than 14 months after the

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

close of fact discovery.

**18.    Jury or Non-Jury Trial**

Plaintiffs have requested a jury trial.

Defendant also requests a jury trial on all issues so triable.

**19.    Number of Trial Days Required**

Plaintiffs currently anticipate that presentation of Plaintiffs' case will require 5 days. At this early stage of the action, before the scope of triable issues has been fixed, Plaintiffs are not able to provide a more precise estimate for the length of trial.

Valve anticipates that estimation of the number of trial days required will be more practical following the Court's ruling on Valve's forthcoming motion to dismiss, which will determine which claims will remain, the scope of any remaining claims, and which of the Plaintiffs will remain in the case, if any. Valve is currently unable to provide an accurate estimate for length of trial at this time given the threshold issues that can and should be resolved at the pleading stage, but anticipates it will need roughly equal time to Plaintiffs to put on its case.

**20.    Disclosure Statements**

Plaintiffs are natural persons and not a corporate entity subject to Fed. R. Civ. P. 7.1 and LCR 7.1.

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rules W.D. Wash. LCR 7.1, Defendant Valve Corporation states that it is a privately held company. It does not have a parent corporation, and no publicly-held corporation owns ten percent (10%) or more of its stock.



DATED this 3rd day of June, 2026.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: /s/ *Steve W. Berman*
       Steve W. Berman (WSBA #12536)
Moses Jehng (WSBA #64333)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
          moses.jehng@hbsslaw.com

Ben Harrington *Admitted pro hac vice*
Rio S. Pierce *Admitted pro hac vice*
Roxana Moussavian *Admitted pro hac vice*
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: benh@hbsslaw.com
          riop@hbsslaw.com
          roxana.moussavian@hbsslaw.com

*Interim Lead Counsel and Counsel for Alexander Flauto, Jackson Meyer, Ivan Galas, and Robert Brogan*

Jason T. Dennett, WSBA No. 30686
**Milberg, PLLC**
1700 7th Avenue, Suite 2100
Seattle, WA 98101
(516) 515-9124
jdennett@milberg.com

Douglas H. Sanders
**Milberg, PLLC**
1311 Avenida Ponce De Leon, Suite 600
San Juan, Puerto Rico 00917
Telephone: (516) 206-7616
Facsimile:  (516) 282-7888
dsanders@milberg.com

Respectfully submitted,

**CORR CRONIN LLP**

By: /s/ *Blake Marks-Dias*
       Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, WA 98104
Telephone: (206) 625-8600
Facsimile:  (206) 625-0900
Email: bmarksdias@corrcronin.com

Ryan Tyz, *Admitted Pro Hac Vice*
Sean Apple, *Admitted Pro Hac Vice*
TYZ LAW GROUP
1 Embarcadero Center, Suite 1200
San Francisco, CA 94441
(415) 868-6900 Phone
ryan@tyzlaw.com
sapple@tyzlaw.com

*Attorneys for Valve Corporation*

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
Case No.: 2:26-cv-00788-JHC
011372-11/3605081 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Gary M. Klinger (pro hac vice forthcoming)
William J. Edelman (pro hac vice forthcoming)
Michael A. Acciavatti (pro hac vice forthcoming)
**Milberg, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Adam E. Polk (*pro hac vice*)
Simon Grille (*pro hac vice*)
Fatima Ladha (*pro hac vice*)
**Girard Sharp LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
fladha@girardsharp.com

*Executive Committee Counsel and Counsel for
Carlos Matamoros*

